GEORGE MOSES, PROSECUTOR, v. FEDERAL SHIPBUILD-
ING AND DRY DOCK COMPANY, DEFENDANT.

Argued May 5, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Stryker, Tams & Horner* and *William
L. Dill, Jr.*

For the defendant, *Louis Steisel* and *Elsie L. White.*

The opinion of the court was delivered by

DONGES, J. *Certiorari* was allowed to review a judgment
of the Hudson County Court of Common Pleas reversing a
judgment of the Workmen's Compensation Bureau which dis-
missed the petition of petitioner-defendant and awarding
petitioner compensation.

Petitioner testified that, on or about March 16th or 17th,
1943, he was using a wire brush machine which removes rust
from metal by means of a revolving wheel; that he wore a
shield which fitted over his head and rested on his chest;
that, about two·o'clock in the afternoon, he felt a sharp pain
in the right eye while wire brushing some angle irons; that
he went to respondent's first aid station, where a physician
removed something from his right eye; that a patch was put
over his right eye; that he was treated by the respondent's
physician until the following October; that he is now unable
to see out of his right eye. On cross-examination he admitted
that in the early part of 1943 he was absent from his work
for about three weeks, suffering from grippe, and that it was
after that absence that he got the particles in his eye; that
after he had been away from work for about eleven days,

because of grippe, he returned to the employer's plant for treatment of what he believed was cold in his eyes and was advised to stay from work for a longer time. He returned to work on April 6th, 1943.

Natale Failla and Arthur J. Moore, fellow-workmen of petitioner, testified that they worked with petitioner on March 16th, 1943, and remembered that he complained of his eye; that he went to first aid and came back with a patch over his right eye; that they did not remember the date but thought it was in March, 1943, that he went to first aid.

The time-keeper of the respondent in the department in which petitioner was employed testified that the petitioner worked from March 1st to March 9th, 1943, was absent on March 10th, was at work on March 11th, but went home ill at 11:00 A. M. and, due to illness, was absent from March 12th to April 5th, 1943, and returned to work on April 6th, 1943. The petitioner was employed as a laborer until April 14th, 1943, when he was transferred to another department as a wire brusher. The petitioner's foreman corroborated the statement that he commenced to work for him as a wire brusher on April 14th, 1943, and said that petitioner never complained of any injury to his eyes.

A clerk in the respondent's first aid station testified that Moses came to his station on March 22d, 1943, stating that he had been ill with grippe and that his right eye was blurry; that petitioner thought it resulted from something entering his eye while he was working.

Two physicians testified for petitioner. Dr. F. J. Pflug testified that he found a scar on the right cornea, covering the pupillary arc which made it impossible to see the interior of the eye, but which caused a total loss of useful vision, and that, in his opinion, the loss of vision was caused by foreign particles entering his right eye. He further testified, on cross-examination, that the scar resulted from inflammation or ulceration, and that it might have been caused by ulceration and that ulceration could be caused without the presence of a foreign body.

Two physicians testified for the employer. One, Dr. Thomas Connolly, was associated with its medical depart-

ment and was an eye specialist. He testified that he saw petitioner on March 23d, 1943, when the first aid clerk sent Moses to him. He testified that petitioner complained of his right eye, which, upon examination, disclosed an active inflammation of the cornea, a keratitis; that there were some adhesions of the iris of both eyes; that the keratitis resulted in a scar on the cornea, which produced a loss of vision of the right eye; that a keratitis may result from a trauma, which causes infection, or from some bodily infection; that examination would not disclose whether the keratitis resulted from systemic infection or from trauma. It was his opinion that the cause of the inflammation of petitioner's eye was probably the grippe from which petitioner had been suffering for eleven days prior to his examination on March 22d.

Dr. E. S. Sherman, also an eye specialist, testified substantially as did Dr. Connolly, that the grippe was the probable cause of petitioner's eye trouble.

The burden is upon petitioner to sustain his case by the greater weight of the evidence. The burden is upon him to show that the condition complained of was the result of an accident arising out of and in the course of his employment. He sought to have it appear that some substance entered his eye when he was engaged as a wire brush machine operator. The testimony is persuasive that he did not do that work until April 14th, 1943; that, prior to that time, he had left his work by reason of illness; that on March 22d, 1943, he sought and received treatment for his right eye at defendant's first aid station; that defendant's doctor attributed the condition to the grippe from which petitioner had been suffering.

The duty of this court is to weigh the evidence and reach an independent conclusion. In view of the persuasive testimony, it clearly appears that the scar on petitioner's eye and his condition did not result from a foreign substance entering it while he was operating a wire brush machine, as he sought to establish, or that it resulted from a foreign substance entering his eye while he was in the service of defendant, but that it was produced by some bodily infectious disease.

The judgment of the Hudson County Court of Common Pleas is reversed, without costs.